**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **HERITAGE MINISTRIES d/b/a** § <br> **HOMESTEAD HERITAGE,** § <br> § <br> Plaintiff, § <br> v. § <br> § <br> **INDEPENDENT DIGITAL NEWS &** § <br> **MEDIA, LTD.,** § <br> § <br> Defendant. § | CASE NO.: 6:25-cv-00364 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Heritage Ministries d/b/a Homestead Heritage ("Heritage" or "Plaintiff") now files its Original Complaint against Defendant Independent Digital News & Media, Ltd. ("Defendant" or the "Independent"). In support thereof, Plaintiff respectfully shows the Court the following:

### I.
### SUMMARY

The Independent defamed Heritage through an article published worldwide and written by Michelle Del Rey entitled "*Living in a 'cult' was all she knew – until a traumatic birth pushed her to escape*" (the "Article"). The Article contains false and defamatory statements that have caused and are likely to cause significant harm to the reputation and standing of Heritage. According to Del Rey's statements, she spent over a year interviewing six former members of Heritage but interviewed no current members. The Article falsely accuses Heritage of the crime of practicing midwifery without a license; prohibiting the use of pain medication; and engaging in practices that make birthing complications more likely and dangerous. Despite refutation by Heritage prior to publication, the Independent falsely characterized the community of having an "expectation to

marry and reproduce" and one in which women are "oppressed."  With regard to the subject of the Article, Tabitha Haugh, the Independent falsely claims that (1) Tabitha lost her home due to her decision to leave Heritage, which she sold on her own voluntary offer; and (2) Tabitha was fired for leaving the church, which she initiated by her own two weeks' notice and was offered paid time off for the remaining two weeks.  The Article further claims that home education through Heritage includes "no history, math, science, nothing"—a boldly false statement.  Heritage has been damaged by the Independent's intentional smear campaign and brings this action to correct it.

## II.
## PARTIES

### A.     Plaintiff

1.     Plaintiff Heritage Ministries is a domestic nonprofit corporation that maintains its principal place of business in Texas at 49 Halbert Lane, Waco, Texas 76705.

### B.     Defendant

2.     Defendant Independent Digital News & Media, Ltd. is a British private limited company doing business internationally and its registered office address is Alphabeta Building, 14-18 Finsbury Square, London, England, EC2A 1AH.  It may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters by serving the registered office with this Complaint.

## III.
## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §1332(a)(2) because this is a civil action in which the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between a citizen of Texas and citizens or subjects of a foreign state.

4. This Court has supplemental jurisdiction over Plaintiffs' related state law claims under 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over the Defendant. The exercise of personal jurisdiction over all defendants is consistent with the Constitution and laws of the United States. The Independent committed a tort in Texas by publication of false and defamatory information, and the effects that tort were experienced primarily in Texas by the Texas Plaintiff. Accordingly, this Court has personal jurisdiction over the Independent.

## IV.
## STATEMENT OF FACTS

6. In September 2024, for the first time, the Independent reached out by email to Heritage for comment on a story that it had been working on for close to a year. The Independent interviewed six former members of Heritage for the story. A representative of Heritage asked the author of the article, Michelle Del Rey, to meet with them over the Labor Day holiday weekend, on a Saturday. She declined. Ms. Del Rey received multiple answers to her inquiries from Heritage, none of which were included or incorporated into her story. On September 19, 2024, the Independent ran an Article about former members of Heritage claiming they had escaped a "cult." The article by Michelle Del Rey, entitled "*Living in a 'cult' was all she knew – until a traumatic birth pushed her to escape,*" contained a series of false and salacious claims about Heritage:

    a) That Heritage and its members were engaged in the criminal, unlicensed practice of medicine through midwifery;

    b) That church policy prohibited any request for or receipt of pain medication;

    c)    That Heritage's home birthing practices increased or caused heightened birth complications;

    d)    That lack of state licensure caused needless birth complications;

    e)    That female members were under an "expectation to marry and reproduce';

    f)    That, alternatively, the church prevented Tabitha Haugh from getting married;

    g)    That Tabitha Haugh lost her home due to her decision to leave the church;

    h)    That Tabitha Haugh was fired for leaving the church; and

    i)    That home education under Heritage includes "no history, math, science, nothing";

    j)    That life at Heritage is "sinister," and attended by "a lack of education, adequate medical care, and life options . . .";

All of these statements are demonstrably false and were intended to harm Heritage through their publication. Heritage invited the Independent in writing to strongly urge the publication to seek out other voices within its community about its practices and to visit the community to speak with them personally about their experiences. The Independent had no interest in any such visit.

    7.    On September 25, 2024, Heritage wrote a lengthy response identifying a variety of false statements and claims made in the Article. The rebuttal requested retraction of the defamatory statements. In truth, Heritage has no policy whatsoever on the use of pain medication—a fact disclosed to Ms. Del Rey before the story ran. Heritage has performed literally hundreds of successful births through its midwives, none of which acts of service were for compensation requiring licensure. Heritage's women (described as oppressed or less-than) are OB/GYNs, published authors, CPAs, business owners, nurses, dieticians, EMTs, paramedics, educators, actresses, ballet dancers, artists, medical sales reps, and professional counselors. One female member holds a Ph.D. in philosophy and is among the most cited researchers in the world.

8. Tabitha Haugh did not lose her home; she sold it to another member for $100,000. Tabith Haugh was not fired; she quit and was given the option of taking PTO for her last two weeks. Heritage's own high school graduation and curriculum center proves the Article's educational claims to be demonstrably false.

9. On October 1, 2024, the Independent wrote back through counsel, raising numerous defenses to Heritage's defamation claims. Primarily, the Independent contends, the statements in the article were not "of and concerning" Heritage such that its reputation could be injured. The Independent further claims that its statements were privileged under Texas law as "fair, true, and impartial" accounts of judicial proceedings—to wit, a complaint filed with TDLR by Noa Haugh related to unlicensed midwifery claims. The Independent claims that Heritage is a public figure for purposes of defamation law analysis, requiring Heritage to prove that the Independent acted with actual knowledge of the falsity of its claims in the Article or with reckless disregard for its truth.

10. The Article has harmed Heritage. The Article resulted in threats of online violence, including calls to "[b]urn every last one to the ground." There have been targeted and aggressive boycott campaigns against members businesses. Heritage itself has been made the subject of a slanderous article referring to a small faith community as a "cult," and things will not be the same. Heritage brings these claims for defamation and seeks recovery of all damages recoverable by law.

V.
**CAUSES OF ACTION**

(**DEFAMATION/LIBEL**)

11. Plaintiff hereby alleges and incorporates by reference each allegation made in the foregoing paragraphs as if each were separately set forth herein.

12. Defendant, an electronic media defendant, published certain statements of fact in writing.

13. The statements referred to the Plaintiff, a private figure plaintiff.

14. The statements were defamatory, and in one case, defamatory per se. The statements were reasonably capable of a defamatory meaning, and in one case, alleged a crime. The defamation occurred explicitly in some cases and by implication in others, as they left a substantially a false and misleading impression.

15. The statements were false.

16. With regard to the truth of these statements, Defendant was

    a) Acting with malice;

    b) Negligent; or

    c) Liable without regard to fault.

17. Plaintiff suffered either presumed or pecuniary injury in the form of presumed, special, general, or reputational damages.

18. Plaintiff is entitled to recover exemplary damages based upon Defendant's actual malice, with Plaintiff having complied with the Defamation Mitigation Act under Chapter 73 of the Texas Civil Practice and Remedies Code by virtue of Defendant's failure to retract or clarify its statements.

## VI.
## PRAYER FOR RELIEF

19. Plaintiff therefore requests that Defendant be cited to appear and answer, and that upon final hearing, Plaintiff be awarded the following:

    (1) Presumed, special, general, or reputational damages;

    (2) Exemplary damages;

(3)   Court costs; and

(4)   All other relief to which Plaintiff is otherwise entitled.

    Respectfully submitted,

    **SCHEEF & STONE, L.L.P.**

    By: */s/ Joseph A. Baker*
        J. Mitchell Little
        State Bar No. 24043788
        mitch.little@solidcounsel.com
        Joseph A. Baker
        State Bar No. 24058547
        Joe.baker@solidcounsel.com

    2600 Network Blvd., Suite 400
    Frisco, Texas 75034
    (214) 472-2100  Telephone
    (214) 472-2150  Telecopier

    ATTORNEYS FOR PLAINTIFF