UNITED STATES DISTRCT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HERITAGE MINISTRIES d/b/a<br>HOMESTEAD HERITAGE,<br><br>    *Plaintiff*,<br><br>v.<br><br>INDEPENDENT DIGITAL NEWS &<br>MEDIA, LTD.,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.: 6:25-CV-00364-LS |

**PLAINTIFF'S BRIEF IN SUPPORT OF SUBJECT MATTER JURISDICTION**

Plaintiff Heritage Ministries d/b/a Homestead Heritage ("Heritage" or "Plaintiff") files this Brief in Support of Subject Matter Jurisdiction in response to the Court's Order for Briefing on Federal Jurisdiction [ECF No. 7], and in support thereof, Plaintiff respectfully shows the Court the following:

**I.
INTRODUCTION**

1. This lawsuit arises out of Defendant, a private media company headquartered in the United Kingdom, publishing a demonstrably false and defamatory article about Plaintiff, a Texas non-profit organization. The article, which has accumulated more than 12,500,000 views and re-publications in multiple different countries, accuses Plaintiff of, among other things, operating a cult in which it abuses women, prevents children from being educated, and committing despicable crimes. Given Defendant's world-wife online media presence and its intentional scheme to disseminate the article despite knowing of its falsity, Plaintiff has incurred damages which, on a conservative basis, equal $4,600,000.

2.  Plaintiff's damages, along with the complete diversity between the Parties, establishes that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

3.  The party asserting diversity jurisdiction need only distinctly and affirmatively allege the citizenship of the parties to the litigation and allege the amount in controversy exceeds $75,000. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The general rule of the Fifth Circuit is that the amount in controversy requirement is established when the sum demanded in good faith in the initial pleading exceeds $75,000. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252 (5th Cir.1998). When questioned, the amount in controversy is not proof of the amount the plaintiff will recover but is an estimate of the amount that is put at issue in the course of the litigation. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortgage Inv. Tr. 20054 Mortgage Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (amount is measured by the value of the object of the litigation).

4.  Here, Plaintiff's Original Complaint, and its First Amended Complaint, allege that the Parties are completely diverse. That is, Plaintiff is a nonprofit organization organized under the laws of Texas, and Defendant is a private company organized under and headquartered in the United Kingdom.[1]

5.  The object of this litigation is for Plaintiff to recover the advertising costs it has incurred, and continues to incur, to combat the detrimental effects of the defamatory article, and the disgorgement of profits Defendant has received from its wrongful publication of the article.[2] As alleged in Plaintiff's Amended Complaint, Defendant has disseminated its defamatory article to a world-wide audience that has garnered more than 12,000,000 views causing Plaintiff

---

[1] ECF No. 1 and 8.
[2] ECF No. 8, ¶¶ 21, 27.

significant reputational damages. The market report conducted by a third-party marketing firm on behalf of Plaintiff establishes that the advertising cost to repair the damage caused to Plaintiff's reputation exceeds $4,600,000. Plaintiff has already incurred significant costs in an effort to repair its reputation and continues to incur such costs so long as the article remains in circulation.

6. Additionally, Plaintiff seeks disgorgement of the profits Defendant has received as a result of its defamatory article which given the significant number of views and impressions the article has had, far exceeds $75,000. The object of this litigation is for Plaintiff to recover its reputational damages and the disgorgement of profits Defendant earned from the article—both of which taken alone exceed $75,000—and therefore satisfy the amount in controversy requirement. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (it is well established that the amount in controversy is measured by the value of the object of the litigation).

Accordingly, Plaintiff requests that the Court find that federal diversity jurisdiction is established in this action and that Plaintiff's First Amended Complaint, or in the alternative, Plaintiff's Original Complaint, sufficiently allege a basis for this Court's exercise of jurisdiction over this action.

        **SCHEEF & STONE, L.L.P.**

        By: */s/ J. Mitchell Little*
            J. Mitchell Little
            State Bar No. 24043788
            mitch.little@solidcounsel.com

        2600 Network Blvd., Suite 400
        Frisco, Texas 75034
        (214) 472-2100 Telephone
        (214) 472-2150 Telecopier

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of September 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

                                                    */s/ J. Mitch Little*
                                                    J. Mitch Little